```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| WORCESTER INMATES, <br>     Plaintiffs, <br><br>     v. <br><br> WORCESTER COUNTY JAIL AND HOUSE OF CORRECTION, <br>     Defendant. | Civil Action No. <br> 16-10110-NMG |

## MEMORANDUM AND ORDER

GORTON, J.

### I. Background

Before the Court is the skeletal one-page letter/Complaint (Docket No. 1) jointly filed by six inmates at the Worcester County Jail and House of Correction ("WCHC") in West Boylston, Massachusetts.[1]  The plaintiffs complain about various adverse conditions of confinement at WCHC and allege that they are subject to cruel and unusual punishment.  Specifically, plaintiffs allege that the WCHC is an old facility and should not remain open.  They contend that they suffer from a cold winter environment throughout the jail and particularly in their cells, which are not well-insulated.  Further, plaintiffs complain that there are rats and mice all over WCHC, that they are subject to excessive sanctions, and that there is overpricing of canteen

---

[1] These plaintiffs include: 1) Israel Valentin; 2) Joseph Majors; 3) Raheem Delgado; 4) Earl Kendricks; 5) Fernando Reyes; and 6) Frank Soto.  Based on the return address section in the upper left-hand corner of the envelope containing the Complaint, the mailing of the Complaint was made by plaintiff Joseph Majors.

items.  Finally, they contend that their access to legal assistance and to copy equipment is limited and insufficient.

As relief, plaintiffs seek to have the court monitor the conditions of confinement and permit them to seek redress from the Worcester courts with legal aid from WCHC.  They also seek legal help from the court system.  Further, they seek an order prohibiting retaliation.  Finally, they appear to request the imposition of harsh penalties against WCHC for violation of inmates' rights at WCHC.

None of the plaintiffs paid the filing and administrative fees or filed an application for a waiver of the Court fees.

## II. Discussion

### A. It is Unclear Whether Plaintiffs Intended to File Suit in This Court

As a threshold matter, it is unclear whether the plaintiffs intended to file a civil Complaint in this Court.  First, the envelop containing the plaintiffs' Complaint was addressed to the "BMC" (Boston Municipal Court), but listed this Court's street address.  Second, based on the allegations in the Complaint (in which the plaintiffs seek to have redress to the Worcester courts), it is unclear whether plaintiffs intended to obtain relief from the state court system rather than this Court.

In light of this uncertainty, plaintiffs will be required to affirm their intent to pursue a civil action in this Court, in accordance with the parameters set forth herein.

### B. Screening of the Complaint

On the presumption that the plaintiffs intended to file suit

in this Court pursuant to 42 U.S.C. § 1983 (the vehicle for asserting constitutional violations such as Eighth Amendment violations), the Complaint is subject to preliminary screening because the plaintiffs are prisoners.[2]  The Prison Litigation Reform Act ("PLRA") contains several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

As noted above, plaintiffs are not proceeding *in forma pauperis* at this time, and thus the Court's screening is conducted only under the auspices of § 1915A.  Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

In conducting the preliminary screening, the plaintiffs' Complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educ, Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23

---

[2] Plaintiffs' custodial status (as prisoners or pretrial detainees) is unclear; however, this uncertainty makes no difference for the purposes of this Memorandum and Order since the Court presumes plaintiffs are "prisoners" as defined by 28 U.S.C. § 1915(h).

3

(1st Cir. 2000). Even under a generous reading, however, this action is subject to dismissal for the reasons set forth below.

    C.    <u>The Complaint is Unsigned</u>

Although the names of the individual plaintiffs are listed at the bottom of the Complaint, it does not appear that any of the plaintiffs has signed the Complaint, as required by Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11, "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Fed. R. Civ. P. 11(a). Thus, the Complaint is subject to dismissal on this basis; however, this Court will permit the plaintiffs to ameliorate this problem by filing signed, Amended Complaints pursuant to the parameters set forth below.

    D.    <u>The Worcester County Jail and House of Correction is Not a Suable Entity</u>

Plaintiffs claims against the WCHC are not cognizable because the WCHC is not a separate, legally distinct entity subject to being sued. Rather, the WCHC is "a building, and is not an entity that can be sued as a 'person' under Section 1983." <u>Mierzejewski</u> v. <u>Mandell</u>, 2014 WL 1247990, * 1 (D. Mass. 2014)(Hennessy, M.J.) <u>citing</u> <u>De La Garza</u> v. <u>Kandiyohi County Jail</u>, No. 01-1966, 18 Fed. Appx. 436, 437 (8th Cir. 2001)(*per curiam*)(county jail not a suable entity); <u>Mardsen</u> v. <u>Federal Bureau of Prisons</u>, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); <u>see</u> <u>Lynch</u> v. <u>City Of Phila.</u>, 408 Fed. Appx. 527 (3d Pa. 2011)(a prison system is not a suable entity under § 1983); <u>Stratton v.</u>

4

City of Boston, 731 F. Supp. 42, 26 (D. Mass. 1989).

    E.    <u>Joinder Impermissible Under Fed. R. Civ. P. 20;
Severance of the Claims</u>

Even if the plaintiffs had named a WCHC official(s) or employee(s) as the proper defendant(s), the plaintiffs may not join their claims in one civil action. Under Rule 20 of the Federal Rules of Civil Procedure, persons may join in one action if:

> they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences [and] any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

On review of the present Complaint, the Court cannot find that the allegations of the six plaintiffs contain the requisite similarity in transaction or occurrence to justify joinder. Although the plaintiffs allege systemic unconstitutional conditions of confinement at WCHC, each inmate's cause of action arises from application of the adverse conditions or practices to deprive him individually of his rights. Each inmate's right to relief will therefore turn on matters of proof involving his own conditions, injuries suffered, or otherwise adverse treatment. Further, with respect to claims of denial of access to the courts, each individual must show that he suffered an "actual injury."[3]

---

    [3]See <u>Lewis</u> v. <u>Casey</u>, 518 U.S. 343, 349–355 (1996). In <u>Lewis</u>, the Supreme Court reiterated that inmates are guaranteed "a right of access to the courts," but clarified that this right

Finally, each individual plaintiff must have exhausted his administrative remedies.[4]

In light of the Court's broad discretion to separate parties or claims, see Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003), the Court will separate the claims of each of the plaintiffs into separate actions.[5]

---

is not "an abstract, free-standing right to a law library or legal assistance." Id. at 350-351.  Prison officials are not constitutionally required to ensure that inmates enjoy every convenience in obtaining access to the courts, only "that they be able to present their grievances to the courts." Id. at 360.  In order to establish a violation of the "right of access," a plaintiff must allege "actual injury." See id. at 349.  "Actual injury," derives from the doctrine of standing and requires a prisoner to demonstrate that any alleged shortcomings in a legal library or assistance program hindered his efforts to pursue a legal claim involving direct or collateral attacks on sentences or challenges to conditions of confinement. Id. at 349, 354-355.

[4]Section 1997e(a) of Title 42 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The failure to exhaust administrative remedies is an affirmative defense and thus need not be discussed further, although the Court notes the plaintiffs may wish to consider this requirement in making their decision whether to file Amended Complaints in accordance with this Memorandum and Order.

[5]Even assuming, *arguendo*, that the plaintiffs are properly joined, a single lawsuit with six unrepresented inmate plaintiffs presents a practical difficulty for the inmates, such as: 1) the need for each plaintiff to sign a document for filing; 2) the risk of pleadings being filed without the consent of each plaintiff; and 3) the logistics of holding hearings. See e.g., Ward-El v. Heyns, 2013 WL 4776114, at *3 (E.D. Mich. 2013); Curry v. Cal. Dep't of Corr. & Rehabilitation, 2011 WL 855828, at *2 (N.D. Cal. 2011).  Although the Court is severing the claims of each plaintiff, this is without prejudice to seeking consolidation of cases if appropriate at a later time.

F.  <u>The Court Declines To Construe This Case as a Class Action and Appoint Counsel; Correction of Case Caption</u>

Although plaintiffs have submitted their Complaint by including their individual names, the caption of the Complaint identifies the plaintiffs as "Worcester Inmates." In light of this, the Court has considered whether this action may be pursued as a class action notwithstanding that plaintiffs have not sought class certification formally, as the rules of procedure require. <u>See</u> Fed. R. Civ. P. 23. This Court has an independent obligation to determine whether this action may be maintained as a class action "as soon as practicable." <u>See</u> Fed. R. Civ. P. 23(c)(1); <u>Caputo</u> v. <u>Fauver</u>, 800 F. Supp. 168, 169 (D. N.J. 1992). Under the rules, one or more individuals can be considered to be "named plaintiffs" representing all members of the class, while other parties are part of the class without being named in the lawsuit. "Represent" under Rule 23 relates to the ability of the named plaintiffs to speak for all members of the class; it does not mean "represent" in the sense of having a lawyer. While non-attorney plaintiffs cannot act as a lawyer for the class, plaintiffs could -- if they met the requirements of the rules -- serve as plaintiff representatives. However, Rule 23 and the PLRA require that certain standards be met before there can be a certified class with these plaintiffs as the representative plaintiffs. For example, a basic requirement for all class actions is that the named plaintiffs "fairly and adequately" represent the other members of the class. Fed. R. Civ. P. 23(a)(4). Courts have generally recognized that a non-attorney,

*pro se* prisoner (or detained litigant) cannot "fairly and adequately" represent the interests of fellow inmates in a class action.  See Caputo, 800 F. Supp. at 170.  See also Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000). Thus, this Court could not certify a class without appointing counsel.  Fed. R. Civ. P. 23(g)(1)(A).

Although plaintiffs seek legal assistance, this Court cannot find that appointment of counsel is warranted on the basis of this Complaint and the legal impediments noted herein. Therefore, this Court DECLINES to treat this action as a class action and DECLINES to appoint counsel.[6]

### III. Order For Severance of Each Plaintiff's Claims, Order to File a Amended Complaint, and Order to Pay the Filing and Administrative Fees of the Court of Seek a Waiver Thereof

A.   Order For Severance of Each Plaintiff's Claims

In light of the above, the Court will order that the claims of each plaintiff shall be severed.  The Clerk is directed to open separate civil actions for each of the plaintiffs except Joseph Majors (as the presumed filer of the original Complaint). The Complaint in this action will be docketed in each of the five newly-opened cases.  The Clerk shall send a copy of the docket sheet to the plaintiff in each new civil case.  Further, the Clerk shall AMEND the case caption to terminate "Worcester Inmates" as the plaintiffs and substitute the names of each individual plaintiff.  Upon the new case opening for each

---

[6]Moreover, given the legal impediments noted herein, this Court cannot find it to be in the interests of justice to appoint *pro bono* counsel for each individual plaintiff at this juncture.

8

plaintiff (except for Joseph Majors), the Clerk shall terminate that plaintiff in this action.

B.  Each Plaintiff Shall File an Amended Complaint

Within 42 days of the date of this Memorandum and Order, plaintiff Joseph Majors shall file a signed document entitled "Amended Complaint" in this action should he wish to proceed with this case.

With respect to all other plaintiffs, any plaintiff wishing to proceed with the new civil action opened in this Court, shall file a signed document entitled "Amended Complaint," within 42 days of case opening.  The Amended Complaint will supercede the original Complaint.

In deciding whether or not to file an Amended Complaint, each plaintiff should ensure that his pleading fulfills the requirements of Fed. R. Civ. P. 8(a).  Under that rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  At a minimum, a complaint or amended complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir.  2004)).  The claim must set forth at least "minimal facts" as to what each defendant did to whom, when, and where, see id., and it is each plaintiff's obligation to provide more than mere labels and conclusions that there are conditions of confinement that amount to cruel and

unusual punishment, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A court is not

> bound to accept as true a legal conclusion couched as a factual allegation [and] [f]actual allegations must be enough to raise a right to relief above the speculative level.

Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice."). Each plaintiff should make sure that the Amended Complaint sufficiently states his own claims and identifies the proper defendant(s).[7]

### C. Each Plaintiff Shall Pay the Filing Fees or File a Motion for Leave to Proceed *In Forma Pauperis*

In addition to filing an Amended Complaint, Joseph Majors and the other plaintiffs who wish to proceed with their claims will be responsible for payment of the full filing fee ($350.00 filing fee and $50.00 administrative fee) with respect to his

---

[7] In determining the proper defendant(s) in any Amended Complaint, plaintiffs are advised that "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable" under § 1983.  Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006)(quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)).  In civil rights actions, "supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization."  Id. at 156 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).  See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).  See also Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008). (discussing test for liability of supervisory officials).

case unless he seeks a waiver thereof.[8] The Clerk shall send the standard application form to each plaintiff along with a copy of this Memorandum and Order.

Failure of any plaintiff to comply with the directives contained herein will result in a dismissal of the relevant civil action without prejudice. In that instance, no filing fee shall be assessed.

## IV. Conclusion and Order

For the reasons stated above:

1) The Clerk shall open separate, individual civil actions for: 1) Israel Valentin; 2) Raheem Delgado; 3) Earl Kendricks; 4) Fernando Reyes; and 5) Frank Soto. Plaintiff Joseph Majors shall be the sole plaintiff in this action.

---

[8] A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiffs are prisoners, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full (no administrative fee is charged to prisoners proceeding *in forma pauperis*). See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997)(§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

2)   The Clerk shall docket the Complaint in this action in all five of the new individual cases.  The case filing date for each of these new cases shall be the date of this Memorandum and Order, although for statute of limitations purposes the plaintiffs may rely on the date on which the Complaint was filed in this action.  Upon each individual case opening, the Clerk shall send the docket sheet to the plaintiff in the new case, notifying him of the new case number and docket number.

3)   Should plaintiff Joseph Majors wish to proceed with this action, he must, within forty-two (42) days of the date of this Memorandum and Order, file a signed Amended Complaint that comports with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

4)   Should plaintiffs Israel Valentin, Raheem Delgado, Earl Kendricks, Fernando Reyes, and Frank Soto wish to proceed with their new civil action, they must, within 42 days of the date of the new case opening, file a signed Amended Complaint that comports with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

5)   Should plaintiff Joseph Majors wish to proceed with this action, he must, within forty-two (42) days of the date of this Memorandum and Order: a) pay the $400.00 filing and administrative fees; or b) seek leave to proceed without prepayment of the filing fee by filing an Application to Proceed in District Court Without Prepaying Fees or Costs along with his certified six-month prison account statement.  See 28 U.S.C.

§ 1915(a)(2).

6) Should plaintiffs Israel Valentin, Raheem Delgado, Earl Kendricks, Fernando Reyes, and Frank Soto wish to proceed with their new civil action, they must, within 42 days of the date of the new case opening, a) pay the $400.00 filing and administrative fees; or b) seek leave to proceed without prepayment of the filing fee by filing an Application to Proceed in District Court Without Prepaying Fees or Costs along with his certified six-month prison account statement.

7) Failure of any plaintiff to pay the filing and administrative fees or to seek leave to proceed without prepayment of the fee may result in dismissal of his case without prejudice.  Any plaintiff who is allowed to proceed without prepayment of the filing fee will still be required to pay the $350.00 filing fee over time by making installment payments, regardless of the outcome of the case.  See 28 U.S.C. § 1915(b).

8) The Clerk shall send to each plaintiff: a) a copy of this Memorandum and Order; and b) an Application to Proceed in District Court Without Prepaying Fees or Costs.

9) The Court DECLINES to certify the case as a class action;

10) The Court DECLINES to appoint counsel for the class or for the plaintiffs individually.

11) The Clerk shall terminate the "Worcester Inmates" as the plaintiffs in this action, and shall ADD as plaintiffs: a) Israel Valentin; b) Joseph Majors; c) Raheem Delgado; d) Earl Kendricks;

13

e) Fernando Reyes; and f) Frank Soto.  Upon the case opening for the individual plaintiffs, the Clerk shall terminate that individual plaintiff in this action so that the only plaintiff remaining in this action is Joseph Majors.

12) The Clerk shall send a courtesy copy of this Memorandum and Order to the Worcester County Sheriff and to the WHCH Treasurer's Office.  The Treasurer is requested to provide a certified prison account statement (reflecting both the average monthly balance for the six-month period preceding the filing of the Complaint and the average monthly deposits for the six-month period preceding the filing of the Complaint) to any plaintiff who requests such statement.

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated: February 26, 2016